UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BONNIE PARSONS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:20-cv-02214 |
| I.C. SYSTEM, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes BONNIE PARSONS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of I.C. SYSTEM, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over the age-of-18, residing in Montgomery County, Texas, which lies within the Southern District of Texas.

5. Defendant has been "in the accounts receivable recovery industry" since 1938.[1] With a principal office located at 444 Highway 96 E, Vadnais Heights, Minnesota, Defendant is in the business of collecting consumer debts for others throughout the United States, including in the State of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a bill for personal telecommunication services ("subject debt") that Plaintiff purportedly owed to Sprint Corporation ("Sprint").

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was placed with Defendant for collection purposes.

9. Around February 2020, Defendant began its collection campaign by contacting Plaintiff to collect upon the subject debt.

---

[1] https://www.icsystem.com/about/

10. Plaintiff was informed by Defendant of its status as a debt collector and of its intent to collect the subject debt.

11. Shortly thereafter, Plaintiff and Defendant agreed to a payment plan in which Plaintiff would make four payments to settle the subject debt.

12. On March 27, 2020, Defendant mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject debt.

13. Defendant memorialized the aforementioned payment plan and included the following sentence: "If each payment described on the debt payment schedule is received timely, our office will update your account balance as paid in full."

14. Plaintiff complied with the terms of the payment plan and submitted the four payments necessary for Defendant to consider the debt paid in full.

15. Yet, Defendant subsequently contacted Plaintiff to collect an additional amount for the subject debt even though Defendant was supposed to "update [Plaintiff's] account balance as paid in full."

16. Defendant represented to Plaintiff that it was entitled to collect this additional amount for the subject debt despite the terms of the payment plan.

17. Defendant's actions caused Plaintiff to believe that her assent to the aforementioned payment plan had no legal effect.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights.

19. Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

20. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, emotional distress, and diminished financial resources caused by Defendant's deceptive collection campaign.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit Collection Professionals, an association of debt collectors, since 1977.[2]

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

---

[2] https://www.acainternational.org/search#memberdirectory

28. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to continue with its collection campaign when the terms of the payment plan precluded further collection attempts upon Plaintiff's compliance with the payment terms. Defendant's actions caused Plaintiff to believe that her payment plan had no legal effect. Defendant's actions only served to worry and confuse Plaintiff.

   b. **Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. It was unfair for Defendant to ignore the terms of the payment plan after Plaintiff submitted payment to Defendant. Any reasonable fact finder will conclude that Defendant's tactics were unfair means to collect upon a debt.

WHEREFORE, Plaintiff, BONNIE PARSONS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated the TDCA through the false and deceptive means it employed to collect from Plaintiff. Specifically, it was deceptive for Defendant to continue with its collection campaign when the terms of the payment plan precluded further collection attempts upon Plaintiff's compliance with the payment terms. Defendant's actions caused Plaintiff to believe that her payment plan had no legal effect. Defendant's actions only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, BONNIE PARSONS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 24, 2020                                              Respectfully submitted,

s/ Nathan C. Volheim                                          s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                 Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*                                           *Counsel for Plaintiff*
Admitted in the Southern District of Texas      Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200              2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                    Lombard, Illinois 60148
(630) 568-3056 (phone)                                   (331) 307-7648 (phone)
(630) 575-8188 (fax)                                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                          ecoleman@sulaimanlaw.com

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 Ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com