UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BONNIE PARSONS, <br><br> Plaintiff, <br><br> v. <br><br> I.C. SYSTEM, INC., SUNRISE CREDIT SERVICES, INC., and SPRINT CORPORATION, <br><br> Defendants. | CIVIL COMPLAINT <br><br> CASE NO. 4:20-cv-02214 <br><br> DEMAND FOR JURY TRIAL |

**FIRST AMENDED COMPLAINT**

NOW comes BONNIE PARSONS ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of I.C. SYSTEM, INC. ("I.C."), SUNRISE CREDIT SERVICES, INC. ("Sunrise"), and SPRINT CORPORATION ("Sprint") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for I.C.'s and Sunrise's unlawful conduct.

2. Plaintiff also brings this action for damages pursuant the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Sprint's unlawful conduct.

### JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises

1

under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

5. Plaintiff is a consumer over the age-of-18, residing in Montgomery County, Texas, which lies within the Southern District of Texas.

6. I.C. has been "in the accounts receivable recovery industry" since 1938.[1] With a principal office located at 444 Highway 96 E, Vadnais Heights, Minnesota, I.C. is in the business of collecting consumer debts for others throughout the United States, including in the State of Texas.

7. Sunrise is a third-party debt collector and corporation organized under the laws of the State of New York. Sunrise is headquartered at 260 Airport Plaza, Farmingdale, New York 11735. Sunrise regularly collects from consumers in the State of Texas.

8. Sprint is a telecommunications company headquartered at 6391 Sprint Parkway, Overland Park, Kansas 66211.

9. Sprint is I.C.'s and Sunrise's principal. Consequently, Sprint is liable for I.C.'s and Sunrise's actions as it exercises control over their conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

---

[1] https://www.icsystem.com/about/

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

11. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

12. The instant action stems from Defendants' attempts to collect upon a bill for personal telecommunication services ("subject debt") that Plaintiff purportedly owed to Sprint.

13. Upon information and belief, after the subject debt was purportedly in default, the subject debt was placed with I.C. for collection purposes.

14. Around February 2020, I.C. began its collection campaign by contacting Plaintiff to collect upon the subject debt.

15. Plaintiff was informed by I.C. of its status as a debt collector and of its intent to collect the subject debt.

16. Shortly thereafter, Plaintiff and I.C. agreed to a payment plan in which Plaintiff would make four payments to settle the subject debt.

17. On March 27, 2020, I.C. mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject debt.

18. I.C.'s March 27th collection letter reflected an "Account No." of 676025715 and memorialized the aforementioned payment plan by including the following sentence: "If each payment described on the debt payment schedule is received timely, our office will update your account balance as paid in full."

19. I.C. represented that it had the authority to bind itself and Sprint to the terms of the payment plan.

20. Plaintiff complied with the terms of the payment plan and submitted the four payments necessary for I.C. to consider the debt paid in full.

21. Yet, I.C. subsequently contacted Plaintiff to collect an additional amount of $647.51 for the subject debt even though I.C. was supposed to "update [Plaintiff's] account balance as paid in full."

22. I.C. represented to Plaintiff that it was entitled to collect this additional amount for the subject debt despite the terms of the payment plan.

23. I.C.'s actions caused Plaintiff to believe that her assent to the aforementioned payment plan had no legal effect.

24. Upon information and belief, Sprint recalled the subject debt and placed it with Sunrise for collection after the instant action was initiated.

25. Even though the subject debt was no longer owed by Plaintiff, Sprint instructed Sunrise to collect the subject debt from Plaintiff.

26. Thereafter, on or around July 23, 2020, Sunrise mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject debt.

27. Sunrise's July 23 collection letter reflected a "Creditor Account [Number]" of 676025715 and a balance due of $647.51.

28. Upon information and belief, Sunrise was aware of that the subject debt was no longer owed by Plaintiff when it attempted to collect from her.

29. Frustrated over Defendants' conduct, Plaintiff spoke with her attorneys regarding her rights.

30. Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendant's conduct.

31. Plaintiff has suffered concrete harm due to Defendants' actions, including but not limited to, aggravation, invasion of privacy, emotional distress, and diminished financial resources caused by Defendant's deceptive collection campaign.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
(AGAINST I.C. AND SUNRISE)

32. Plaintiff repeats and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

34. I.C. and Sunrise are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

35. I.C. and Sunrise identify themselves as debt collectors, and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

36. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2); and

5

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. I.C. violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for I.C. to continue with its collection campaign when the terms of the payment plan precluded further collection attempts upon Plaintiff's compliance with the payment terms. I.C.'s actions caused Plaintiff to believe that her payment plan had no legal effect. I.C.'s actions only served to worry and confuse Plaintiff.

40. Sunrise violated §1692e, e(2), and e(10) when it knowingly attempted to collect upon a debt that is not owed by Plaintiff. Upon information and belief, Sunrise attempted to collect upon the subject debt from Plaintiff despite having knowledge of the terms of the payment plan between I.C. and Plaintiff. Sunrise's actions only served to worry and confuse Plaintiff.

   **b. Violations of FDCPA § 1692f**

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. I.C. and Sunrise violated §1692f by employing unfair means to collect upon subject debt from Plaintiff. It was unfair for I.C. and Sunrise to ignore the terms of the payment plan after Plaintiff submitted payment to I.C. Any reasonable fact finder will conclude that I.C.'s and Sunrise's tactics were unfair means to collect upon a debt.

WHEREFORE, Plaintiff, BONNIE PARSONS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

6

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
(AGAINST DEFENDANTS)

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

45. Sprint is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

46. I.C. and Sunrise are "third party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(7).

47. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8) prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."

49. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

7

50. Defendants violated the TDCA through the false and deceptive means they employed to collect from Plaintiff. Specifically, it was deceptive for Defendants to continue with their respective collection campaigns when the terms of the payment plan precluded further collection attempts upon Plaintiff's compliance with the payment terms. Defendants' actions caused Plaintiff to believe that her payment plan had no legal effect. Defendants' actions only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, BONNIE PARSONS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 10, 2020              Respectfully submitted,

s/ Nathan C. Volheim                   s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103       Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*                *Counsel for Plaintiff*
Admitted in the Southern District of Texas    Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.               Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200    2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                Lombard, Illinois 60148
(630) 568-3056 (phone)                 (331) 307-7648 (phone)
(630) 575-8188 (fax)                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com               ecoleman@sulaimanlaw.com

s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 Ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com